IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pedro Chairez, | ) |
| Petitioner, | ) CIV 11-0769 PHX PGR (MEA) |
| v. | ) REPORT AND RECOMMENDATION |
| Charles L. Ryan, et al., | ) |
| Respondents. | ) |

**TO THE HONORABLE PAUL G. ROSENBLATT:**

Petitioner, proceeding pro se, filed a petition for writ of habeas corpus on April 19, 2011. Respondents filed a Limited Answer to Petition for Writ of Habeas Corpus ("Answer") (Doc. 17) on January 30, 2012. As of March 23, 2012, Petitioner had not filed a reply to the answer to his petition.

**I Procedural History**

On February 18, 1994, a Maricopa County grand jury returned an indictment charging Petitioner with one count of second-degree murder and one count of attempted second-degree murder. See Answer, Exh. A. On November 10, 1994, Petitioner entered into a written plea agreement. The plea agreement provided Petitioner would plead guilty to Count I of the indictment, second-degree murder, and amended Count II of the indictment, aggravated assault. Id., Exhs. B & C. The parties

stipulated that the sentences imposed for these crimes would be served concurrently and that the sentence imposed for the top count of the indictment, second-degree murder, would not exceed 17 years imprisonment. See id., Exhs. B & C.

On January 20, 1995, the state trial court held a sentencing hearing. At the conclusion of the hearing the trial court found the existence of several aggravating factors, concluding that Petitioner "may indeed be a violent person and a risk to re-offend." Id., Exh. D at 31-33. Based on the evidence presented at the hearing, the trial court sentenced Petitioner to the maximum aggravated term of twenty years imprisonment pursuant to his conviction for second-degree murder and to the presumptive term of 7.5 years imprisonment pursuant to his conviction for aggravated assault. Id., Exh. D at 33. The court further ordered that the sentences be served consecutively. Id., Exh. D at 34.

Because the state trial court had rejected the plea agreement in imposing these sentences, Petitioner withdrew his guilty plea. Id., Exh. D at 34-35. Accordingly, the trial court vacated the sentences and reinstated Petitioner's not-guilty plea. The case was transferred to a different trial court judge. Id., Exh. E & F.

Petitioner's trial began on May 16, 1996. Id., Exh. G. On May 28, 1996, after deliberating for less than one hour, the jury found Petitioner guilty of second-degree murder and guilty of aggravated assault. Id., Exh. M at 75.

On July 30, 1996, the trial court sentenced Petitioner to an aggravated term of 20 years of imprisonment pursuant to his conviction for second-degree murder and to a consecutive, presumptive term of 7.5 years of imprisonment pursuant to his conviction for aggravated assault. Id., Exh. N.

Petitioner took a timely direct appeal of his convictions and sentences. On February 12, 1997, counsel for Petitioner filed a brief in accordance with Anders v. California, 385 U.S. 738 (1967), and Arizona v. Leon, 104 Ariz. 297, 451 P.2d 878 (1969), indicating that counsel could find no meritorious claims to raise on appeal. Id., Exh. P. On April 17, 1997, the Arizona Court of Appeals, having reviewed the record for reversible error, affirmed Petitioner's convictions and sentences. Id., Exh. Q. Petitioner did not seek review of this decision by the Arizona Supreme Court. Id., Exh. R.

On August 14, 1996, prior to the date his conviction became final, Petitioner initiated a state action for post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure. Id., Exh. S. On February 12, 1997, the trial court terminated Petitioner's post-conviction relief proceedings because he had not filed a petition briefing his claims for post-conviction relief. Id. at 8; Petition at 16.

More than six years after the trial court dismissed his Rule 32 action and the Arizona Court of Appeals affirmed his convictions and sentences, Petitioner initiated a second action for state post-conviction relief on February 12, 2004, alleging that he should be permitted to file an untimely action due to a

-3-

misunderstanding of the law. See Answer, Exh. T. On March 4, 2004, the state trial court dismissed Petitioner's second Rule 32 action, concluding:

> Defendant filed on February 12, 2004, a Notice of Post-Conviction Relief in this case where the appellate mandate on direct appeal was issued on June 4, 1997. Defendant claims that pursuant to Rule 32.1(f), Arizona Rules of Criminal Procedure, he should be allowed to file this untimely notice because he misunderstood the Rule 32 process and the status of his first Rule 32 proceeding. Rule 32.1(f) allows an untimely "notice of post-conviction relief of-right or notice of appeal" to be filed if a defendant shows that the failure to timely file was "without fault on the defendant's part." Defendant's notice is not "of right" because he has had his direct appeal to the Court of Appeals. Defendant is not entitled to any relief under Rule 32.1(f). See Moreno v. Gonzalez, 192 Ariz. 131, 962 P.2d 205 (1998).

Id., Exh. T.

Petitioner filed a third petition for state post-conviction relief. On January 28, 2009, the action was assigned to the original trial judge for review and ruling. Id., Exh. U. On February 2, 2009, the trial court dismissed the action:

> Defendant's untimely petition claims ineffective assistance of appellate counsel. However, Defendant cannot raise this claim in an untimely Rule 32 proceeding because an untimely notice may only raise claims pursuant to Rule 32.1(d), (e), (f), (g), or (h). Rule 32.4(a), Arizona Rules of Criminal Procedure. In addition, defendant is precluded from relief on these claims pursuant to Rule 32.2(a) because these claims either were or could have been raised on appeal or in a prior Rule 32 proceeding. Finally, Rule 32.1(f) allows relief when the failure to timely file the notice was without fault on the defendant's part. However,

-4-

> because defendant's Rule 32 proceeding is not of-right, he is not entitled to Rule 32.1(f) relief. Moreno v. Gonzalez, 192 Ariz. 131, 962 P.2d 205 (1998).

Id., Exh. V.

The trial court further stated:

> Defendant also argues that he must be resentenced based on a significant change in law as stated in Danforth v. Minnesota, 129 S.C.t 1029 (2008), Cunningham v. California, 549 U.S. 270, 127 S.Ct. 856 (2007), and State v. Price, 217 Ariz. 182, 171 P.3d 1223 (2007). Defendant argues that Danforth allows the Court to retroactively apply Cunningham and Price. In Cunningham, the Supreme Court applied its prior holdings in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531 (2004) and Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000) to California's determinate sentencing laws, ruling the California statutory scheme similarly infirm because it allowed a trial judge rather than a jury to find, by a preponderance of the evidence, facts that exposed a defendant to an enhanced range of sentencing beyond that authorized by the verdict itself. In Price, the Court applied the holding in Cunningham to determine that the trial court erred when it increased the defendant's sentence based on the judge's findings that the defendant had committed an unrelated homicide and was a danger to the community. 217 Ariz. at 185, 171 P.3d at 1226.
>   Danforth does not change the retroactive application of Blakely in Arizona. Blakely does not apply retroactively to final convictions in Arizona. State v. Towery, 204 Ariz. 386, 64 P.3d 828 (2003). Therefore, this Court is not persuaded that Cunningham and Price should be retroactively applied. Defendant's conviction was final prior to Blakely, Cunningham and Price. Defendant has failed to demonstrate that these cases constitute a "significant change in law" pursuant to Rule 32.1(g), Ariz. R. Crim. P.

Id., Exh. V.

On April 13, 2010, the Arizona Court of Appeals denied review of the trial court's third denial of post-conviction relief. On January 4, 2011, the Arizona Supreme Court also denied review.

On April 19, 2011, Petitioner filed his section 2254 petition. Petitioner asserts he was denied his right to the effective assistance of trial and appellate counsel. Petitioner alleges his trial counsel rested without presenting a defense to the charges against Petitioner and that his appellate counsel was unconstitutionally ineffective for defaulting the issue of his trial counsel's deficient performance in the state courts. Petitioner also contends he has overcome any procedural default of these claims.

Respondents contend that Petitioner's habeas action was not filed within the one-year statute of limitations and that Petitioner is not entitled to equitable tolling of the statute of limitation.

**II Analysis**

**A. Statute of limitations**

The petition seeking a writ of habeas corpus is barred by the applicable statute of limitations found in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The AEDPA imposed a one-year statute of limitations on state prisoners seeking federal habeas relief from their state convictions. See, e.g., Espinoza Matthews v. California, 432 F.3d 1021, 1025 (9th Cir. 2005); Lott v. Mueller, 304 F.3d 918, 920 (9th Cir. 2002).

-6-

The Arizona Court of Appeals denied relief and affirmed Petitioner's convictions and sentences in Petitioner's direct appeal on April 17, 1997. Petitioner's conviction became final 30 days later, on or about May 16, 1997, when the time for seeking review of this decision by the Arizona Supreme Court expired. See Danforth v. Minnesota, 552 U.S. 264, 267, 128 S. Ct. 1029, 1033 (2008); Harris v. Carter, 515 F.3d 1051, 1053 n.1 (9th Cir. 2008). Petitioner, therefore, had until May 16, 1998, to file a federal habeas petition. See 28 U.S.C. § 2244(d)(1)(A).

Petitioner did not file a federal habeas action prior to May 16, 1998. Additionally, Petitioner is not entitled to statutory tolling of the statute of limitations based on the pendency of a "properly filed" state action for post-conviction relief.

Prior to the conclusion of his direct appeal, on August 14, 1996, Petitioner initiated a state action for post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure. On February 12, 1997, prior to the date the Arizona Court of Appeals denied relief in Petitioner's direct appeal, the state trial court terminated Petitioner's post-conviction relief proceedings because he had not filed a petition briefing his claims relief. Accordingly, these first Rule 32 proceedings, having terminated prior to the conclusion of Petitioner's direct appeal, did not affect the running of the statute of limitations with regard to Petitioner's federal habeas action, which began to run on May 16, 1997.

1         Additionally, Petitioner's second action for state
2 post-conviction relief, filed February 12, 2004, more than five
3 years after the statute of limitations expired on or about May
4 16, 1998, could not and did not re-start the statute of
5 limitations on Petitioner's federal habeas action. See, e.g.,
6 Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).
7         The one-year statute of limitations for filing a habeas
8 petition may be equitably tolled if extraordinary circumstances
9 beyond a prisoner's control prevent them from filing on time.
10 See Holland v. Florida, 130 S. Ct. 2549, 2554, 2562 (2010);
11 Bills v. Clark, 628 F.3d 1092, 1096-97 (9th Cir. 2010).  A
12 petitioner seeking equitable tolling must establish two
13 elements: "(1) that he has been pursuing his rights diligently,
14 and (2) that some extraordinary circumstance stood in his way."
15 Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814-15
16 (2005).  See also Waldron-Ramsey v. Pacholke, 556 F.3d 1008,
17 1011-14 (9th Cir. 2009).  In Holland the Supreme Court eschewed
18 a "mechanical rule" for determining extraordinary circumstances,
19 while endorsing a flexible, "case-by-case" approach, drawing
20 "upon decisions made in other similar cases for guidance."
21 Bills, 628 F.3d at 1096-97.
22         The Ninth Circuit Court of Appeals has determined
23 equitable tolling of the filing deadline for a federal habeas
24 petition is available only if extraordinary circumstances beyond
25 the petitioner's control make it impossible to file a petition
26 on time.  See Chaffer v. Prosper, 592 F.3d 1046, 1048-49 (9th
27 Cir. 2010); Waldron-Ramsey, 556 F.3d at 1011-14 & n.4; Harris v.
28                                  -8-

1  Carter, 515 F.3d 1051, 1054-55 & n.4 (9th Cir. 2008); Gaston v.
2  Palmer, 417 F.3d 1030, 1034 (9th Cir. 2003), modified on other
3  grounds by 447 F.3d 1165 (9th Cir. 2006).  Equitable tolling is
4  only appropriate when external forces, rather than a
5  petitioner's lack of diligence, account for the failure to file
6  a timely habeas action.  See Chaffer, 592 F.3d at 1048-49;
7  Waldron-Ramsey, 556 F.3d at 1011; Miles v. Prunty, 187 F.3d
8  1104, 1107 (9th Cir. 1999).  Equitable tolling is also available
9  if the petitioner establishes their actual innocence of the
10 crimes of conviction.  See Lee v. Lampert, 653 F.3d 929, 933-34
11 (9th Cir. 2011).

12         Equitable tolling is to be rarely granted.  See, e.g.,
13 Waldron-Ramsey, 556 F.3d at 1011; Jones v. Hulick, 449 F.3d 784,
14 789 (7th Cir. 2006); Stead v. Head, 219 F.2d 1298, 1300 (11th
15 Cir. 2000).  Equitable tolling is inappropriate in most cases
16 and "the threshold necessary to trigger equitable tolling [under
17 AEDPA] is very high, lest the exceptions swallow the rule."
18 Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002).
19 Petitioner must show that "the extraordinary circumstances were
20 the cause of his untimeliness and that the extraordinary
21 circumstances made it impossible to file a petition on time."
22 Porter v. Ollison, 620 F.3d 952, 959 (9th Cir. 2010).  It is
23 Petitioner's burden to establish that equitable tolling is
24 warranted in his case.  See, e.g., Espinoza Matthews v.
25 California, 432 F.3d 1021, 1026 (9th Cir. 2004); Gaston, 417
26 F.3d at 1034.

A petitioner's pro se status, ignorance of the law, and lack of legal representation during the applicable filing period do not constitute circumstances justifying equitable tolling because such circumstances are not "extraordinary." See, e.g., Chaffer, 592 F.3d at 1048-49; Waldron-Ramsey, 556 F.3d at 1011-14; Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004). Equitable tolling may be available when a petitioner can establish they are so mentally ill that they are incompetent. Compare Laws v. Lamarque, 351 F.3d 919, 923 (9th Cir. 2003), with Bills, 628 F.3d at 1098. However, the vicissitudes of prison life are not "extraordinary" circumstances that make it impossible to file a timely habeas petition. See, e.g., Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009).

Alleged errors by a petitioner's appellate counsel do not per se constitute an "extraordinary circumstance" warranting equitable tolling. See Randle v. Crawford, 604 F.3d 1047, 1058 (9th Cir.), cert. denied sub nom., Randle v. Skolnik, 131 S. Ct. 474 (2010); Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009). It is not sufficient that counsel was negligent; only representation that meets the extraordinary misconduct standard can be a basis for applying equitable tolling. See Porter, 620 F.3d at 959. The United States Supreme Court concluded in Holland that federal courts could equitably toll the statute of limitations for filing a habeas petition under 28 U.S.C. § 2254 when a petitioner's attorney failed to satisfy professional standards of care. See 130 S. Ct. at 2563-64. The Supreme

Court held that "at least sometimes, professional misconduct ... [could] amount to egregious behavior and create an extraordinary circumstance that warrants equitable tolling." Id.

Additionally, a petitioner may be entitled to equitable tolling of the statute of limitations if they are actually innocent of the crimes of conviction and have acted with due diligence in pursuing their claims.  See Lee, 653 F.3d at 934 & n.6.

Petitioner has not filed any pleading in reply to the answer to his petition asserting the petition is not timely or that he is entitled to equitable tolling of the statute of limitations or that he is actually innocent of the crimes of conviction.  Additionally, with regard to whether Petitioner exercised due diligence in pursuing his claims, the Court notes Petitioner did not seek any form of post-conviction relief, in state or federal court, from 1997 through 2004.

**III Conclusion**

The federal habeas petition was not filed within the one-year statute of limitations and Petitioner has not provided a basis for equitable tolling of the statute of limitations.

**IT IS THEREFORE RECOMMENDED** that Mr. Chairez' Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.


This recommendation is not an order that is immediately

-11-

appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  Thereafter, the parties have fourteen (14) days within which to file a response to the objections.   Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues.  See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).  Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

Pursuant to 28 U.S.C. foll. § 2254, R. 11, the District Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  The undersigned recommends that, should the Report and Recommendation be adopted

and, should Petitioner seek a certificate of appealability, a certificate of appealability should be denied because Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C.A § 2253(c)(2).

DATED this 26th day of March, 2012.

_____
Mark E. Aspey
United States Magistrate Judge